UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CORDELL D. PATTERSON, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-1082-PPS-APR |
| MICHAEL GAPSKI, | |
| Defendant. | |

OPINION AND ORDER

Cordell D. Patterson, Jr., a prisoner without a lawyer, filed a complaint, ECF 1, which I must screen under 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Patterson is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he alleges facts that preclude relief. *See, e.g., Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Patterson has sued Michael Gapski, the grievance specialist at the Miami Correctional Facility, for allegedly denying him access to the grievance process. Patterson claims he has filed fifteen grievances about various topics "with no response."

ECF 1 at 2. He claims Gapski refuses to "follow rules handling a grievance complaints (sic), covering up crimes and violations turn a blind eye to serious issues at hand." *Id*. at 3. Specifically, Patterson points to a grievance he filed on April 21, 2023, regarding being denied food, religious services, and prayer during Ramadan. The same day he filed the grievance he received a response that said "still waiting." Later, the grievance was denied and returned. He also mentions a grievance he filed on February 2, 2024, about an "incident that occurred with officials and the response was still waiting and still today December 5, 2025 no response nothing done." *Id*. Patterson has sued Gapski for monetary damages.[1]

The mishandling of grievances and/or the lack of a functioning grievance process does not state a constitutional claim. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure); *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 F. App'x 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cnty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)). Moreover, Patterson hasn't plausibly alleged Gapski was personally responsible for or otherwise involved in the

---

[1] He also requests injunctive relief in the form of having Gapski "terminated due to nepotism in the ranks . . .." ECF 1 at 3. This type of injunctive relief is not available or appropriate in a civil rights lawsuit.

2

denial of food, religious services, and prayer during Ramadan in April of 2023 or the undefined "incident" in February of 2024, so he hasn't stated any claims. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he division of labor is critical to the efficient functioning of the [prison] organization."); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (There is no general respondeat superior liability under 42 U.S.C. § 1983.); *see also Adams v. Reagle*, 91 F.4th 880, 894–95 (7th Cir. 2024) (finding that the officers responsible for the decision to place plaintiff in department-wide restrictive housing didn't violate the Eighth Amendment because they didn't create the conditions, make them worse, or have responsibility or the authority to change them).

This complaint doesn't state a claim for which relief can be granted. Although it appears unlikely, if Patterson believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Accordingly:

(1) Cordell D. Patterson, Jr., is GRANTED until **February 11, 2026**, to file an amended complaint; and

(2) Cordell D. Patterson, Jr., is CAUTIONED that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED.

ENTERED:  January 7, 2026.

                                             /s/   Philip P. Simon  
                                            PHILIP P. SIMON, JUDGE  
                                            UNITED STATES DISTRICT COURT